*Pro Se 1 2016*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Lon Biasco (ProSe)

                                    ,

                          Plaintiff(s),

                          v.

U.S. Department of Homeland Security,

Alejandro Mayorkas, Secretary et al.,

                                    ,

                          Defendant(s).

CASE NO. 2:22-cv-00518-LK
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL
CASE

Jury Trial:  ☒ Yes   ☐ No

**I.      THE PARTIES TO THIS COMPLAINT**

A.      Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Lon Biasco |
| Street Address | 7918 135th st SE |
| City and County | Snohomish, Snohomish |
| State and Zip Code | WA, 98296 |
| Telephone Number | 425-326-9024 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2016*

B.    Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | U.S. Department of Homeland Security, Alejandro Mayorkas, Secretary et al., |
| Job or Title *(if known)* | Secretary |
| Street Address | 245 Murray Lane, SW : Mail Stop 0485 |
| City and County | |
| State and Zip Code | Washington, DC 20528-0485 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

COMPLAINT FOR A CIVIL CASE - 2

*Pro Se 1 2016*

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

## II.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be  heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  (*check all that apply*)

☒   Federal question          ☐   Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1st, 4th, 5th, 14th Amendments, Privacy Act(5 U.S.C. § 552a) , Wash. Rev. Code Ann. § 9A.44.115(3)(a) _____

_____

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2016*

B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.   If the plaintiff is an individual.

The plaintiff (*name*) Click here to enter plaintiff's name., is a citizen of the State of (*name*) Click here to enter plaintiff's state.

b.   If the plaintiff is a corporation.

The plaintiff, (*name*) Click here to enter plaintiff's name., is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter state.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.   If the defendant is an individual.

The defendant, (*name*) Click here to enter defendant's name., is a citizen of the State of (*name*) Click here to enter state.  Or is a citizen of (*foreign nation*) Click here to enter country.

b.   If the defendant is a corporation.

The defendant, (*name*) Click here to enter defendant's name., is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter state.

Or is incorporated under the laws of (*foreign nation*) Click here to enter country., and has its principal place of business in (*name*) Click here to enter location..

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

COMPLAINT FOR A CIVIL CASE - 4

*Pro Se 1 2016*

3.    The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

$300, 000 violations of rights under the constitution and privacy act as well as continuing violations.

### III.    STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Attached below

### IV.    RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

Plaintiff requests $300,000 for emotional pain and suffering and continued violations of plaintiffs protected rights.

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2016*

## V.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          April 15, 2022

Signature of Plaintiff

Printed Name of Plaintiff      Lon Biasco

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff

COMPLAINT FOR A CIVIL CASE - 6

*Pro Se 1 2016*

## STATEMENT OF CLAIM

The Department of Homeland Security's Federal Emergency Management Agency (DHS/FEMA) violated Plaintiff's rights  1st, 4th, 5th, 14th Amendments, Privacy Act (5 U.S.C. § 552a) , Wash. Rev. Code Ann. § 9A.44.115(3)(a) when on April 6, 2022, compelled disclosure for a misconduct investigation to off-duty protected rights.

1. Plaintiff is an employee of the U.S. Department of Homeland Security Federal Emergency Management Agency.

2. Plaintiff was compelled to provide protected information to DHS/FEMA Office of Professional Responsibility through threat of penalty up to termination for not participating.

3. Plaintiff was compelled to testify to medications used off duty or self incriminate himself for using medication not prescribed.

4. Plaintiff was compelled to provide medical information under penalty of removal.

5. Plaintiff was told he was not allowed to remain silent from self incrimination as to use of medications.

6. Plaintiff was compelled to document his first amendment protected rights while off duty at a private establishment.

7. When asked if defendant had developed any sufficient nexus prior to beginning the investigation, the investigator indicated that none had been done and that would be reviewed after the investigation.

8. The defendant failed to conduct any threshold analysis for a reasonable nexus prior to intruding into plaintiff's private affairs: egregious circumstances, adversely effects performance, effects mission. When they compelled disclosure of plaintiff:

   a. At a restaurant with private friends.

COMPLAINT FOR A CIVIL CASE - 7

*Pro Se 1 2016*

  b. An employee (presumed by context) unknown to plaintiff was at the establishment.

    i. Took photos and recordings.

    ii. Opined conduct not egregious or notorious and protected by the 1st amendment

    iii. Conduct not related to work function.

    iv. Conduct only witnessed by limited few and never publicized (best of plaintiff's knowledge) on any social media.

    v. Defendant's witness attributed only one non-egregious non-work statement couched as "a statement to the effect of" that appears to be about a celebrity that the group may have been discussing.

9. Defendant's sole basis to establish a nexus was not based witness testimony or on reported information but on a list of tenuous hypothetical questioning if developed might support their rational into having conducted an investigation in the first place.

10. Based on defendant's hypothetical questioning, the Agency can intrude and conduct an investigation on any employee without any factual and just proffered witness testimony.

11. Defendant appears to have used an employee to conduct surveillance of plaintiff's off-duty protected rights without a warrant.

12. Plaintiff was compelled to respond to what the witness believes plaintiff thinks.

COMPLAINT FOR A CIVIL CASE - 8