UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LON BIASCO,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Cause No. C22-0518RSL-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on plaintiff's "Motion for Temporary Restraining Order." Dkt. # 9. Plaintiff alleges that he is an employee of the U.S. Department of Homeland Security Federal Emergency Management Agency ("FEMA") and that he was subjected to an interview, under threat of termination, regarding certain off-duty activities that came to the employer's attention. He further alleges that the interview was conducted before defendants made any attempt to evaluate whether the off-duty conduct could justify disciplinary action (*i.e.*, whether the off-duty conduct impacted his "ability to accomplish his duties satisfactorily or some other legitimate government interest"). *Hoofman v. Dep't of Army*, 118 M.S.P.R 532 at ¶ 16 (2012). *See also McLeod v. Dep't of the Army*, 714 F.2d 918, 920 (9th Cir. 1983) (requiring "a reasonable connection or nexus between the employee's misconduct and the efficiency of the service" with the goal of prohibiting "employment discrimination on the basis of conduct which

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 1

does not adversely affect the performance of the employee or the performance of others at the agency"). Plaintiff asserts that defendants violated state and federal privacy laws as well as his First, Fourth, Fifth, and Fourteenth Amendment rights. He seeks pre-litigation injunctive relief requiring defendants to (a) alter the way in which they conduct investigations into off-duty conduct where the investigation is prompted by speech and/or may compel the production of private information and (b) review all past cases arising out of off-duty speech and expunge records if the required nexus has not been established.

Preliminary injunctive relief can be granted only if the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). "All four elements must be satisfied*.*" *hiQ Labs, Inc. v. LinkedIn Corp*., __ 31 F.4th __, 2022 WL 1132814 at *5 (9th Cir. Apr. 18, 2022). The factors are evaluated on a "sliding scale," however, meaning that "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has repeatedly held that "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs*, 2022 WL 1132814 at *5 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135).

Where, as here, a plaintiff requests an injunction that requires defendants to take affirmative steps to change their behavior, the relief is considered a mandatory injunction because it "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos*

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 2

*Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks and citation omitted). Such injunctions "go[] well beyond simply maintaining the status quo *pendente lite* [and are] particularly disfavored." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted). Mandatory injunctions cannot be issued in doubtful cases: courts should deny the requested relief unless the facts and law clearly favor the moving party. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Plaintiff has failed to make the required showing. He has not identified any authority requiring that an agency employer know that alleged conduct is service-related before it begins its investigation into the underlying events. The Ninth Circuit uses a two-prong test when reviewing agency actions that adversely affect government employees. *McLeod*, 714 F.2d at 920 (9th Cir. 1983) (adopting the test set forth in *Young v. Hampton*, 568 F.2d 1253 (7th Cir. 1977)). The test is based on 5 U.S.C. § 7513(a), which requires that agency action be taken "only for such cause as will promote the efficiency of the service." On appellate review, the court considers whether the agency first determined that the employee committed the conduct complained of and then determined that removal based on the proven misconduct would promote the efficiency of the service. *McLeod*, 714 F.2d at 920. In the absence of any indication that the nexus element must be satisfied before an investigation is undertaken, plaintiff has failed to show that the law clearly favors his request for mandatory injunctive relief.

//

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 3

For all of the foregoing reasons, plaintiff's motion for a temporary restraining order (Dkt. # 9) is DENIED.

Dated this 4th day of May, 2022.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 4