UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LON BIASCO,<br><br>                Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, *et al.*,<br><br>                Defendants. | Case No. C22-518-RSL-MLP<br><br>REPORT AND RECOMMENDATION |

I.       **INTRODUCTION**

This matter is before the Court on Defendants' U.S. Department of Homeland Security ("DHS") and Alejandro Mayorkas (collectively, "Defendants") Motion to Dismiss ("Defendants' Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot. (dkt. # 13).) Plaintiff Lon Biasco filed a response in opposition (Pl.'s Resp. (dkt. # 16)), and Defendants filed a reply (Defs.' Reply (dkt. # 17)). Neither party requested oral argument. Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends Defendants' Motion be GRANTED.

## II. BACKGROUND

Plaintiff is an employee of DHS's Federal Emergency Management Agency ("FEMA"). (Compl. (dkt. # 1) at 7.) Plaintiff alleges that, on April 6, 2022, Defendants subjected him to "an off-duty investigation into misconduct" in violation of his constitutional and privacy rights. (Pl.'s Resp. at 1; *see also* Compl. at 7-8.) Plaintiff alleges that, during the investigation, Defendants showed him a photograph of himself at a restaurant he had attended while off-duty, and asked him questions about statements he purportedly made at the restaurant. (Compl. at 7-8.) Plaintiff asserts claims under the First, Fourth, Fifth, and Fourteenth Amendments, the Privacy Act (5 U.S.C. § 552a), and a Washington statute against voyeurism (RCW 9A.44.115). (*Id.* at 3.)

## III. DISCUSSION

Defendants seek dismissal of Plaintiff's constitutional claims based on sovereign immunity and federal preemption, state law claim for lack of subject matter jurisdiction, and Privacy Act claim for failure to state a claim. (Defs.' Mot. at 1.) To the extent any claims suggest employment discrimination, Defendants contend Plaintiff's sole remedy is under Title VII. (*Id.* at 6.) Plaintiff, in his response, does not address jurisdictional issues, but argues his Fourth Amendment and Privacy Act rights were violated. (Pl.'s Resp. at 3-7.)

### A. Motion to Dismiss Standards

The Court notes that it holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

### 1. Rule 12(b)(1) Standard

A complaint must be dismissed under Rule 12(b)(1) if, "considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225.

### 2. Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all

reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

### B. Plaintiff is Not Entitled to Discovery at This Stage

Plaintiff first argues that Defendants' Motion is premature because he has not yet had the opportunity to conduct discovery. (Pl.'s Resp. at 2.) However, a motion to dismiss challenges the sufficiency of the allegations in the complaint: Plaintiff need not prove those allegations at this point in the proceeding, but he must allege enough facts to state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. Plaintiff may not "unlock the doors of discovery" until he has pleaded "facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action," that "rise above the mere conceivability or possibility of unlawful conduct" and suggest a right to relief that crosses the line between possibility and probability. *Iqbal*, 556 U.S. at 678; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). The possibility that a plaintiff might later establish some set of undisclosed facts supporting injury is not enough to survive a motion to dismiss. *Somers*, 729 F.3d at 966. As Defendants point out, Plaintiff puts the cart before the horse in seeking discovery so that he can adequately allege a claim for relief. *Twombly* and *Iqbal* do not allow such a procedure.

### C. Plaintiff's Privacy Act Claims Fail

Plaintiff next asserts claims under § 552a(e)(7). (Pl.'s Resp. at 3.) This section provides that agencies shall:

> maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity[.]

5 U.S.C. § 552a(e)(7). The Privacy Act provides for "[c]ivil remedies" when an agency's violation has "an adverse effect on an individual[.]" 5 U.S.C. § 552a(g)(1). A plaintiff is entitled

to damages if "the court determines that the agency acted in a manner which was intentional or willful[.]" *Id.* at (g)(4). "[T]he Privacy Act's remedial provision authorizes plaintiffs to recover . . . for violations of the Act, but only if they prove at least some 'actual damages.'" *F.A.A. v. Cooper*, 566 U.S. 284, 295 (2012) (quoting 5 U.S.C. § 522a(g)(4)(A)). Such damages are "limited to proven pecuniary or economic harm." *Id.* at 299.

Plaintiff alleges he was interviewed and then "required to review and correct an official declaration" under threat of "penalty up to termination" of his employment. (Pl.'s Resp. at 1-2; Compl. at 7.) He appears to contend that this declaration is a record "regarding his [First] Amendment Rights" and that Defendants violated the Privacy Act by collecting and maintaining this record. (Pl.'s Resp. at 2.)

Even if Plaintiff's declaration is considered a record describing the exercise of his First Amendment rights, Plaintiff has not alleged DHS acted intentionally or willfully in violating the Privacy Act. Nor has he pleaded any pecuniary or economic harm. Because Plaintiff has failed to plead all required elements, his Privacy Act claim must be dismissed for failure to state a claim.

In addition, Defendants contend that Plaintiff's Privacy Act claim is preempted by the Civil Service Reform Act ("CSRA"). (Defs.' Mot. at 5-6.) Plaintiff does not address this issue in his response. "The CSRA creates a remedial scheme through which federal employees can challenge their supervisors' prohibited personnel practices[,]" including "disciplinary or corrective action." *Mangano v. United States*, 529 F.3d 1243, 1246-47 (9th Cir. 2008) (internal quotations omitted). If the challenged conduct falls within this scope, "then the CSRA's administrative procedures are the employee's only remedy." *Id.* at 1246 (alteration marks removed). The procedures available are review by the Merit Selection Review Board and appeal

REPORT AND RECOMMENDATION - 5

to the United States Court of Appeals for the Federal Circuit. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6 (2012).

"There are limits to what qualifies as a 'personnel action,' but the instances are well outside anything that could reasonably be described as a 'personnel action.'" *Mangano*, 529 F.3d at 1247. The Ninth Circuit reviewed the CSRA's legislative history and concluded that "Congress did expect 'prohibited personnel practices' to cover supervisors' violations of employees' constitutional and privacy rights." *Saul v. United States*, 928 F.2d 829, 834 (9th Cir. 1991). In *Saul*, the Ninth Circuit held that "corrective action" could be read broadly enough to include opening plaintiff's mail received at the office. *Id.*

Similarly, here, corrective action can include requiring Plaintiff to provide a declaration. The Court concludes that, even if Plaintiff were able to state a Privacy Act claim, the Court lacks jurisdiction to adjudicate it. Accordingly, the Court recommends Plaintiff's Privacy Act claim be dismissed.

D.   **Defendants are Immune from Plaintiff's Constitutional Claims**

Plaintiff argues that asking about his prescription medication use amounted to "a warrantless search of Plaintiff's medical records" in violation of the Fourth and Fourteenth Amendments. (Pl.'s Resp. at 6.) Defendants contends all of Plaintiff's constitutional claims must be dismissed for lack of subject matter jurisdiction because "the United States has not waived sovereign immunity for constitutional torts asserted against a federal agency or heads of said agencies in their official capacities." (Defs.' Mot. at 4.)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "[W]aivers of sovereign immunity are to be read narrowly in favor of the sovereign." *Id.* at 480. In *Meyer*, the Supreme Court held that,

1 even where sovereign immunity had been waived, "a damages remedy against federal agencies

2 would be inappropriate" and declined to extend *Bivens* liability to federal agencies. *Id.* at 486

3 (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)).

4     Plaintiff makes no argument that sovereign immunity has been waived for constitutional

5 claims such as his. Moreover, Plaintiff fails to show that a federal agency or its head could face

6 liability for constitutional torts. Accordingly, the Court recommends Plaintiff's constitutional

7 claims be dismissed for lack of subject matter jurisdiction.

8     **E.     Plaintiff's State Law Claim Fails**

9     Defendants contend Plaintiff's state law claim rests on a criminal statute that does not

10 provide a civil remedy and, in addition, the United States has not waived sovereign immunity for

11 such a claim. (Defs.' Mot. at 7-8.) Plaintiff does not address his state law claim in his briefing.

12     Plaintiff lists RCW 9A.44.115(3)(a) as a statute that is "at issue in this case." (Compl. at

13 3.) This provision defines the "crime of voyeurism in the second degree." RCW 9A.44.115(3)(a).

14 Plaintiff offers no authority for any suggestion that this criminal statute provides a private right

15 of action. The Court concludes it has no jurisdiction to consider civil claims based on RCW

16 9A.44.115(3)(a), and therefore recommends Plaintiff's state law claim be dismissed.

17     **F.     Leave to Amend**

18     Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so

19 requires." Fed. R. Civ. P. 15(a)(2). When a court dismisses a *pro se* plaintiff's complaint, the

20 court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could

21 not cure the defects in the complaint. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015);

22 *see also Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

23

Regardless of how Plaintiff might amend his complaint, no additional allegations could cure the jurisdictional defects present in his constitutional claims and state law claim. Accordingly, the Court concludes it would be futile to allow Plaintiff to amend his complaint, and therefore, recommends that no leave to amend be granted with respect to these claims.

Though Plaintiff could conceivably amend his Privacy Act claims to supply omitted elements, because the CSRA preempts such a claim, the Court further recommends no leave to amend be granted with respect to this claim. *See Saul*, 928 F.2d at 843 (affirming denial of leave to amend because "CSRA's elaborate remedies show that judicial interference in federal employment is disfavored").

### IV.   CONCLUSION

For the forgoing reasons, the Court recommends that Defendants' Motion (dkt. # 13) be GRANTED, and that Plaintiff's complaint (dkt. # 1) be dismissed without prejudice and without leave to amend. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 16, 2022**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

\\

Dated this 30th day of August, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9